In re the Marriage of Janet Elaine
BURTON, Petitioner, Respondent,

v.

Irving Gene BURTON, Appellant.

No. C7–84–991.

Court of Appeals of Minnesota.

April 2, 1985.

Review Denied May 31, 1985.

Janet Elaine Burton, pro se.

Robert R. Alderman, Alderman Law Office, Ltd., Brainerd, for appellant.

Considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Irving Burton appeals from an order denying a new trial in a dissolution action. He contends the trial court erred in failing to trace nonmarital property, dividing the marital assets equally, and awarding rental property and attorney's fees to respondent Janet Burton. Respondent failed to file a brief in this court, and therefore this appeal is determined on the merits pursuant to Minn.R.Civ.App.P. 142.-03. We affirm.

## FACTS

The parties married in December 1962, and the marriage was dissolved after a three-day trial in January 1983. At that

time Janet Burton was 46 years old and Irving Burton was 58 years old. They have two children, both of whom are now past the age of majority.

Janet Burton has a high-school education and was a full-time homemaker during the marriage. Irving Burton has a master electrician's license and runs a sole proprietorship called Burt Electric. Janet Burton took phone calls for the business and helped out when employees went on vacation. She has worked as a temporary clerk-typist since this action was commenced. Her net monthly income is about $700, and she has no job-related benefits.

Irving Burton brought certain assets into the marriage, including his business inventory, his homestead (for which he paid $13,-000), and an interest in another home (for which he later received $4,800). He contends on appeal that he had some additional cash that was nonmarital property. Marital assets included rental property that produced monthly net income of about $700, approximately $100,000 in savings, and about $129,000 in stocks and other investments.

The trial court found the business to be entirely nonmarital property. The homestead has a present market value of $45,-000. Although the homestead was originally a nonmarital asset, the trial court determined $12,500 to be marital value because of improvements made during the marriage. This valuation is not contested. The marital property was divided as follows:

|  | Asset Value |
| --- | --- |
| Janet Burton | |
| Homestead | $ 45,000 |
| Rental property | $ 83,400 |
| Savings | $ 37,360 |
| Total | $165,760 |
| Irving Burton | |
| New homestead | $ 2,300 |
| Stock | $129,220 |
| Savings | $ 62,640 |
| Total | $194,160 |

The court awarded the rental property to Janet Burton specifically to provide her with income in lieu of maintenance and also granted her $4,000 in attorney's fees. Taking into account the extra $28,400 awarded Irving Burton to compensate for his non-marital portion of the homestead awarded Janet Burton, the marital assets disclosed to the court were divided almost equally.

Janet Burton had no knowledge of the parties' financial affairs during the marriage. The record shows that Irving Burton actively obstructed her efforts to discover this information both before and during trial. He changed their stock investments and transferred their cash savings to various new accounts both inside and outside Minnesota, despite a court order restraining him from transferring assets without Janet Burton's consent. He was found in contempt of court in July 1982 for failing to answer interrogatories, and he transferred funds again after answering the interrogatories. His response at trial to virtually all questions regarding the bank account locations and balances was "I don't know."

In addition, Irving Burton stopped bidding on construction projects in 1981, and his business revenues decreased by half in each of the next two years. Janet Burton testified that he told her he would run the business into the ground before he would let her get anything out of it. He said problems with his heart and back have forced him to cut his workload, but he also testified that he has never seen a doctor about his heart and hasn't seen a doctor about any health problems in at least four years.

## ISSUES

1. Did the trial court err in dividing the marital property?

2. Did the trial court err in awarding respondent $4,000 in attorney's fees?

## ANALYSIS

### I

Irving Burton has three basic arguments regarding the property division. First, he

says the trial court failed to award him cash he brought into the marriage. He argues he had about $10,000 in cash before the marriage and received $4,800 during the marriage from the sale of nonmarital property. He claims he is thus entitled to $14,800, which, at 7 percent interest for 20 years, amounts to $57,270. He also says one of his stock funds, valued at $4,100, was nonmarital property. Second, he says he should have been awarded the rental property because he renovated it and was responsible for its maintenance during the marriage. Third, he says the marital assets should not have been divided equally because his work efforts generated the assets and Janet Burton's did not.

In dissolution cases the trial court is accorded broad discretion with respect to the division of property. The trial court must reach a clearly erroneous conclusion that is against logic and the facts on record before this court will find an abuse of discretion. *See, e.g., Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984); *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984).

The trial court specifically found that "before and during the dissolution proceeding [appellant] has dealt with their stocks, bonds, savings accounts and various * * * investments in such a manner as to make it virtually impossible to trace marital assets." Irving Burton himself testified that he had some cash, but he was unsure of the exact figure. He also said, in response to questioning about the cash transfers,

These things just move too fast and shuffle around too much. I can't keep track of them that good, where it goes. It is impossible for me to keep track, in fact.

The trial court's finding that it is impossible to trace Irving Burton's nonmarital cash is well supported by the record.

■ There is no merit to Irving Burton's argument that the trial court erred in awarding Janet Burton the rental property in lieu of maintenance. Given the fact that liquid assets in Irving Burton's possession constantly "shuffle[d] around," the court

had little choice, if the decree were to be enforced at all, but to award Janet Burton the nonliquid assets.

■ Irving Burton's argument that the trial court erred in equally dividing the marital assets is also without merit. Minn. Stat. § 518.58 (1982) specifically provides:

It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.

Moreover, it is not clear from the record that Janet Burton received an equal share of the total marital assets. Because of all the pretrial financial transfers, the trial court found that the cash in various savings accounts "had a value of $100,000 [but] the exact amount is impossible to determine from the evidence." In view of the record, the only inference from this finding is that there may be additional assets not revealed to the court. However, Janet Burton did not seek review of the trial court's determination, and the question is thus limited to whether the award was inequitable to Irving Burton. The trial court's division of the marital property was not unjust or inequitable under the standards of Minn.Stat. § 518.58 as it relates to Irving Burton's interests.

**II**

■ Irving Burton also contends that he should not be obliged to pay Janet Burton's attorney's fees because she was awarded sufficient assets to pay them. The discretion to allow attorney's fees in dissolutions rests almost entirely with the trial court. *See Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984). Irving Burton's efforts to obstruct discovery and his refusal to comply with court orders caused Janet Burton's attorney to spend significantly more time on this dissolution than would have been necessary had Irving Burton cooperated. The trial court did not err.

## DECISION

The trial court did not abuse its discretion in its division of marital assets or its award of attorney's fees.

Affirmed.