**In re the Marriage of Robert D. RONAY, petitioner, Appellant,**

v.

**Helen A. RONAY, Respondent.**

**No. C9–84–2113.**

Court of Appeals of Minnesota.

June 11, 1985.

William Kennedy, Hennepin County Public Defender, David H. Knutson, Asst. Public Defender, Minneapolis, for appellant.

Jane Binder, Wilson & Pomerene, P.A., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order sentencing appellant to jail for contempt for failure to pay child support as ordered. The obligation was imposed by a temporary support order entered prior to entry of the dissolution decree, from which appellant has a separate appeal. We affirm.

## FACTS

Many of the facts concerning this dissolution are stated in the separate appeal, filed May 28, 1985, from the judgment and decree.

In August, 1983, the trial court issued an order for temporary relief directing Robert to maintain existing insurance coverage for Helen and the children. In November, 1983, it ordered Robert to pay $900 per month child support, based on the stipulation of the parties. The following month, Helen brought a motion for judgment claiming arrearages of $740, and judgment was entered for that amount.

In June, 1984, Helen filed a contempt motion for failure to pay support and failure to maintain medical insurance coverage as ordered. The court heard the contempt motion along with the other dissolution issues on July 11, 1984. Robert was represented by privately-retained counsel. The dissolution judgment and decree was not entered until October 11, 1984, following entry of the contempt judgment on October 2.

Robert is a self-employed accountant, although he has derived part of his income from part-time college teaching positions. His estimate of net income, submitted in August, 1983, was $1,260 per month. Despite this estimate, he agreed to the payment of $900 per month child support as provided in the November, 1983, order for temporary relief.

Robert estimated gross revenue of over $3,200 per month for the first quarter of 1984, and monthly gross revenues of $3,000 per month in April, 1984. He presented testimony at trial projecting his earning capacity at $34,000 gross revenue and $24,000 net income. The trial court found that Robert had the ability to earn a gross annual income of $36,000 per year. It made no finding as to net income, and ordered child support of $900 per month and temporary maintenance of $250 per month.

The trial court also made the following finding:

> Since the commencement of this dissolution proceeding, petitioner has been voluntarily working less than full-time and claims to be earning less than $3,000 per

month. Petitioner has not been working full-time as an accountant because he has been spending twenty to thirty hours per week on matters concerning the dissolution.

Robert discharged his attorney on July 20, 1984, following the dissolution trial, and began representing himself. He also claimed a loss in earnings ability due to emotional distress over the dissolution, for which he had received counseling.

The trial court, based on the file and the testimony on the contempt issue received at the July dissolution trial, adjudged Robert in contempt. The court found that he had the ability to pay the support ordered, noting his earning capacity and his voluntary reduction of hours devoted to work due to his time spent on the dissolution. Robert requested a public defender, and although found ineligible after initial screening, was granted assistance by the public defender solely on the contempt issue. *Cox v. Slama*, 355 N.W.2d 401 (Minn. 1984).

Robert was sentenced to a jail term not to exceed six months, pending his agreement to a payment-plan acceptable to the court for the arrearages and ongoing support. He served two weeks of the sentence and was released after submitting an employment and repayment plan.

### ISSUE

Did the trial court abuse its discretion in finding appellant guilty of contempt for nonpayment of support?

### ANALYSIS

■ Robert claims that the contempt order effectively denied him his right to appeal the dissolution decree by preventing him from devoting time to the appeal. On appeal from a contempt order, the reviewing court may reverse or modify the order if it concludes that the trial court abused its discretion. *Minnesota State Bar Ass'n v. Divorce Assistance Ass'n, Inc.*, 311 Minn. 276, 248 N.W.2d 733 (1976).

■ The right to represent oneself in legal proceedings does not entitle a party to modification of procedural rules. *Gruenhagen v. Larson*, 310 Minn. 454, 246 N.W.2d 565 (1976); *see also Liptak v. State ex rel. City of New Hope*, 340 N.W.2d 366 (Minn.Ct.App.1983) (latitude is provided to persons appearing pro se but not the bending of all rules). The argument presented here, however, is not for procedural consideration but for an adjustment of the substantive law of child support, i.e. determination of earning capacity, because of pro se status.

■ Since Robert reduced his working hours and spent time on the dissolution in order to reduce or eliminate legal fees, the net effect of a forgiveness or reduction of support would be to make Robert's attorneys fees (or the substituted cost of pro se representation) payable out of his child support. This result would be unconscionable. The trial court has discretion to order attorneys fees paid by the other party to a dissolution, but not as a reduction of child support. Minn.Stat. § 518.14 (1984); *cf.*, Minn.Stat. § 518.551, subd. 5 (1984) (factors considered in support guidelines).

■ The supreme court has consistently held that it is proper to look beyond an obligor's earnings to his earning capacity, and to disregard any inability to pay which is voluntary on the part of the obligor. *Hopp v. Hopp*, 279 Minn. 170, 156 N.W.2d 212 (1968); *Meisner v. Meisner*, 220 Minn. 559, 20 N.W.2d 486 (1945). In *Hopp*, the obligor was discharged from a sales position paying $8,600 a year and devoted his time to a dairy store which brought him only $1,300–$3,700 per year. The court held:

> [T]he trial judge [can] refuse to accept inability to perform as an excuse for failure to comply if he is satisfied that the party directed to pay has not made a reasonable effort by means of his own selection to conform to an order well within his inherent, but unexercised, capacities[.]

279 Minn. at 176, 156 N.W.2d at 217.

Robert's claim that his earning capacity was reduced by emotional distress over the

divorce is a claim easily made in any dissolution involving a self-employed obligor. As the trial court noted, Robert had managed to separate his personal and professional lives to the extent that he was able during this period to pass four of five parts of the CMA exam and obtain two part-time college teaching positions.

Robert also argues that the civil contempt proceeding was transformed into criminal contempt by the court's failure to explicitly find an ability to pay the child support ordered. *See Hopp v. Hopp,* 279 Minn. at 175, 156 N.W.2d at 217 (confinement should not be directed to compel a party to do something which he is wholly unable to do). The court, however, did make such a finding.

### DECISION

The trial court did not abuse its discretion in finding appellant in contempt for failure to pay child support.

Affirmed.