**In re the Marriage of Richard Jerome LEVINE, Petitioner, Appellant,**

v.

**Elaine Carol LEVINE, Respondent.**

No. C1–86–1624.

Court of Appeals of Minnesota.

Feb. 24, 1987.

Richard Jerome Levine, pro se.

Ellen Dresselhuis, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant moved for a reduction in child support after he was fired from his job. A referee entered an order temporarily reducing support, pending an evidentiary hearing. Following the evidentiary hearing, the referee reinstated the prior support order. A district court judge confirmed the referee's order. Richard Levine appeals. We affirm.

## FACTS

The parties were married in 1967 and divorced January 29, 1979. They have two children, currently ages seventeen and twenty.

Appellant Richard Levine is forty-two years of age. He was licensed as a pharmacist in 1966, and he worked as a pharmacist until 1976. In 1973 he received a master's degree in hospital pharmacy administration. He returned to graduate school in 1979, and in 1984 received a second master's degree in public health administration. While in school earning his second master's degree, appellant took out a $32,000 loan for school and living expenses. From October 1985 to March 1, 1986, he worked in health care marketing for Mercer Meidinger, and grossed $65,000 per year. In January 1985, a court increased child support to $440 per month. This constituted a downward deviation from the guidelines amount of $769, based on appellant's school debt.

Respondent Elaine Levine is forty-one years old. When the parties were married, she had one year remaining to complete her bachelor's degree. Her parents paid her tuition. On appeal, appellant inaccurately

claims he forewent his education so his wife could pursue her M.B.A. Appellant earned his pharmacy degree before the parties were married, and earned his first master's degree during the marriage. Respondent had taken three courses toward her M.B.A. at the time of the dissolution and completed her degree afterward. She now earns approximately $45,000 per year. Her monthly net is $2236, and her monthly expenses are $2728. The parties' minor daughter earns approximately $45 per week from a part-time job.

Mercer Meidinger terminated appellant's employment March 1, 1986, because he did not "accomplish the goals [they] established in this area of [their] practice." The current appeal arises from appellant's subsequent May 5, 1986, motion to reduce child support following his termination from Mercer Meidinger. After his termination, appellant testified in court and by affidavit that his income was limited to $946 he received each month as vendor on the contract for deed from the sale of the parties' homestead. The referee temporarily reduced child support to $104 per month, but reserved the issue of arrearages and continued the matter to August 6, 1986, for an evidentiary hearing.

The morning of the August 6 hearing, respondent's counsel learned that appellant had been employed full time as a pharmacist by Snyder Drugs since April 28, 1986, and that he was also briefly employed as a pharmacist by Walgreen Drugs during the time he claimed he was unemployed. Appellant conceded that he did not apply for unemployment compensation after he was fired by Mercer Meidinger. Appellant did not present evidence of his current income at the hearing. He claimed he was employed by Snyders only part time, and testified that he had told Snyders he would be leaving their employ if a position in his field, marketing, arose. He presented little evidence to show he was currently looking for such work. After the hearing, the referee telephoned Snyders and verified appellant's employment. The referee reinstated the prior support order of $440 per month "effective immediately," based on appellant's earning capacity, and awarded respondent $250 attorney fees. Appellant moved for review by a district court judge.

Appellant did not present clear evidence of his net income to the reviewing judge. In his August 11, 1986, affidavit, he lists partial monthly expenses of $1739. He provided the court with one pay stub showing $570 gross per week. He maintained, however, that he seldom earned that amount, and that his working hours varied because he filled in for sick and vacationing pharmacists.

After taking additional testimony, the district court judge confirmed the referee's order. The judge awarded respondent an additional $200 attorney fees, finding appellant had been "less than candid in describing his income."

## ISSUES

1. Was the evidence sufficient to warrant reinstatement of the January 1986 child support order?

2. Did the court abuse its discretion by awarding respondent attorney fees?

## ANALYSIS

### I.

*Child Support*

■ When considering a motion for modification of child support, the trial court should look back to when support was last modified for guidance. *Blomgren v. Blomgren,* 386 N.W.2d 378, 380–81 (Minn. Ct.App.1986).

■ Appellant argues that respondent bears the burden of proof for an increase in child support from the temporary order. We do not agree. Appellant was the moving party. Moreover, the referee did not modify support, she reinstated the previous order of January 1986. The temporary order states, "the matter of the proper level of child support is continued for hearing to August 6, 1986 * * *." Thus, appellant, as the movant for a reduction from the January 1986 order, bore the burden of proof. *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984).

The trial court has broad discretion to grant or deny a motion pertaining to child support, and will not be reversed unless the order is arbitrary, unreasonable, or without evidentiary support. *Id.*

 The trial judge confirmed the referee's order reinstating the January 1986 support order. Confirmation of a referee's order by a judge makes the referee's recommended findings valid and effective. *Peterson v. Peterson*, 308 Minn. 297, 305, 242 N.W.2d 88, 94 (Minn.1976). The referee based child support on appellant's earning capacity, finding:

> That the [appellant] has been employed at Snyders Drugstore on a "floating" basis since April 28, 1986. This means that the petitioner has been filling in for people on vacation and his hours vary. There have been weeks when he has worked 40 hours and there have been weeks when he has worked thirteen hours. The petitioner clearly has the ability to gross a minimum of $600.00 per week as a pharmacist. Furthermore, the petitioner has been less than candid with the Court in describing his income. He has the ability to meet the child support previously ordered of $440.00 per month and that Order should be reinstated effective immediately.

The record supports this finding. At the review hearing before the district court judge, appellant produced a Snyders pay stub indicating $570 gross for a one-week period. The judge computed appellant's monthly net from Snyders at $1,581.63, plus $946 from the contract for deed, for a total monthly net income of $2,527.63. Appellant's monthly payment for his loan was $623.

Appellant argues that the court erred by computing child support based on his earning capacity.

> The supreme court has consistently held that it is proper to look beyond an obligor's earnings to his earning capacity, and to disregard any inability to pay which is voluntary on the part of the obligor.

*Ronay v. Ronay*, 369 N.W.2d 12, 14 (Minn. Ct.App.1985). In *Ronay* appellant, an ac-countant, voluntarily worked less than full time because he was acting as his own counsel during the dissolution.

Appellant failed to provide the court with accurate evidence of his income. In addition, the evidence supports the conclusion that appellant voluntarily worked less than full time for Snyders, ostensibly to make himself available for work in the marketing field. Appellant testified that Snyders had a full-time permanent position available for him and was ready to put him on full-time status immediately. He had not accepted this position at the time of the hearing. This parallels the voluntary reduction in *Ronay*.

## II.

### Attorney Fees

The referee awarded respondent $250 attorney fees and the district court judge awarded appellant an additional $200. Appellant argues that because respondent's income is greater than his, the award of attorney fees is improper. Minn.Stat. § 518.14 (1986) provides:

> In a proceeding brought * * * for dissolution * * * under this chapter, the court, from time to time, after considering the resources of both parties, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding * * *.

The trial court has broad discretion in the award of attorney fees. *Burton v. Burton*, 365 N.W.2d 310, 312 (Minn.Ct.App. 1985) *pet. for rev. denied* (Minn. May 31, 1985).

 Appellant argues that the only ground for awarding attorney fees is when the party seeking the award has a lower income or fewer financial resources than the other party. Although that is often the way the facts are when attorney fees are awarded, that concept has never been a hard and fast rule. This court, in *Burton*, considered the husband's obstruction of discovery, and found his refusal to comply with court orders caused the wife to spend more on the proceeding than would have

been necessary had the husband cooperated. *Id.* at 312. The standard of review requires a clear abuse of discretion for reversal. *Wanglie v. Wanglie,* 356 N.W.2d 850, 852 (Minn.Ct.App.1984) *pet. for rev. denied* (Minn. Feb. 6, 1985).

■ While the statute requires the court consider the parties' incomes, and in some cases appellate courts have reversed awards on that basis, *Burton* holds that other factors can also serve as a basis for an award of attorney fees. On these facts, we hold the award of attorney fees was not an abuse of discretion.

Respondent requested attorney fees for this appeal. We affirm those previously granted, but do not award further attorney fees for this appeal.

### DECISON

The court did not err by reinstating the January 1986 support order following a temporary reduction in child support. It was proper to consider appellant's earning capacity. The trial court did not abuse its discretion by awarding respondent attorney fees.

Affirmed.