**In re the Marriage of Karen Rae JENSEN, petitioner, Respondent,**

**v.**

**Robert R. JENSEN, Appellant.**

**No. C0–86–2148.**

Court of Appeals of Minnesota.

July 21, 1987.

Steve Gawron, Minneapolis, for respondent.

Wayne A. Pokorny, Excelsior, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

Robert Jensen appeals from a dissolution judgment and decree regarding the trial court's apportionment of marital assets and debts, award of permanent spousal maintenance and attorney fees, and failure to award child support. We affirm.

## FACTS

The marriage of respondent Karen Jensen and appellant Robert Jensen was dissolved by judgment and decree entered on September 22, 1986. The parties have two children, Tamera, age 15, and Kristen, age 12.

Appellant is a college graduate with a degree in accounting and business administration. He was continuously employed during the parties' marriage and is currently the president of ITT Thorpe Sales Corporation. He earns a gross annual salary of $66,100 and his net annual income is $35,530 filing as a single taxpayer with one dependent. Appellant's affidavit states his income has risen "fully 25%" in the last three years and is likely to continue to increase.

Respondent is a high school graduate. Except for brief periods of time, she has been a full-time homemaker since Tamera's birth in 1971. Currently, respondent works 24 hours per week as a receptionist at her church, earning a net income of about $400 per month.

During their marriage, the parties enjoyed an upper-middle class standard of living. They lived in a five-bedroom house, owned horses and took several vacations a year.

In 1974, respondent began experiencing medical problems. Initially, she was diagnosed as having facial neuritis. In 1975, she was diagnosed as having multiple sclerosis, a progressively debilitating disease. In 1978, respondent suffered from multiple sclerosis related incontinence and was hospitalized for three weeks. Her multiple sclerosis continues to cause her bouts of double vision, blindness and loss of hearing.

Prior to trial, the parties stipulated regarding child custody, visitation, child support, pension and stock distribution. The parties also agreed to sell their homestead. Each party received $10,000 from the proceeds of the sale, with the balance held in an escrow account.

## ISSUE

Did the trial court abuse its discretion by (1) awarding respondent $1000 per month permanent spousal maintenance; (2) distributing marital assets and debt; (3) failing to award child support; and (4) awarding respondent $5000 for attorney fees?

## ANALYSIS

■ 1. The trial court's determination of a maintenance award will not be disturbed unless the trial court abused its discretion. *Krick v. Krick*, 349 N.W.2d 350, 352 (Minn.Ct.App.1984). Its findings of fact shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

■ Minn.Stat. § 518.552 (1986) sets forth several factors the trial court must consider in determining a maintenance award. Each case must be determined on its own facts and no single factor is dispositive. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39 (Minn.1982). The basic consideration in awarding spousal maintenance is the financial need of the spouse receiving maintenance and the ability to meet that need, balanced against the financial condition of the spouse providing maintenance. *Krick*, 349 N.W.2d at 352. Specific attention is given to the physical condition of the spouse seeking maintenance. Minn.Stat. § 518.552, subd. 2(f); *see Eichenholz v.*

*Eichenholz,* 407 N.W.2d 699 (Minn.Ct.App. 1987).

▇ The trial court found respondent's reasonable monthly expenses were $1400, that her net monthly income was $400, and that as a result of her physical condition, it was unlikely that she would be able to increase her income through full-time employment. The trial court also found the parties enjoyed an upper-middle class standard of living, that respondent lacked sufficient property, including marital property, to provide for her reasonable needs, and that even after an extensive period of retraining and education, respondent's physical condition would make her ability to become self-supporting doubtful. As a result of its findings, the trial court awarded respondent $1000 per month permanent spousal maintenance.

At trial, the administrative pastor at respondent's church testified that in September 1985 respondent began working as a receptionist four days a week, eight hours a day, for $4.50 per hour. In March, fatigue associated with her multiple sclerosis made it necessary for her to reduce her work week to only three days. The pastor testified respondent would not be working at the church if she was not a member. In his opinion, she did not have the ability to find or retain other employment in the private sector.

Appellant claims respondent's symptoms exhibited since 1981 were caused by psychological stress and depression brought on by the dissolution. Appellant also claims respondent's medical records show no permanent disability, yet he does not deny she has been diagnosed as having multiple sclerosis. Minn.Stat. § 518.552, subd. 3 provides where there is uncertainty as to the necessity of a permanent award, the trial court should order permanent spousal maintenance, leaving the award open for later modification.

The trial court's findings are supported by the record. Considering the factors set forth in Minn.Stat. § 518.552, especially the high standard of living, the duration of the marriage and respondent's physical condition, we find the trial court did not abuse its discretion in awarding respondent $1000 per month permanent spousal maintenance.

▇ 2. The trial court has broad discretion in dividing marital property and its decision will not be reversed absent a clear abuse of discretion. On review, we must affirm the trial court's division of property if it has an acceptable basis in fact and principle, even though we may have taken a different approach. *Coffel v. Coffel,* 400 N.W.2d 371, 373 (Minn.Ct.App.1987). The trial court is to make a "just and equitable division of marital property" and must consider the factors set forth in Minn.Stat. § 518.58. The property division does not have to be mathematically equal to be just and equitable. *Justis v. Justis,* 384 N.W.2d 885, 888 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 29, 1986).

Our review of the record does not support appellant's claim the trial court erred in apportioning marital assets and debts.

3. The trial court has broad discretion in child support matters. *Meyer v. Meyer,* 359 N.W.2d 74, 76 (Minn.Ct.App.1984). A trial court's determination will not be reversed absent a clear abuse of discretion. *Reck v. Reck,* 346 N.W.2d 675, 677 (Minn. Ct.App.1984).

The parties were awarded joint legal custody of their two minor children and appellant was awarded primary physical custody subject to reasonable visitation. Child support was never requested at trial, but is now being sought on appeal.

▇ Appellant claims according to the child support guidelines, respondent, a noncustodial parent with an income of over $1000 per month and two children, must pay him 30% of her income for child support. Appellant's argument fails to consider the trial court ordered him to pay respondent $1000 per month permanent spousal maintenance to meet her current monthly expenses. To increase respondent's monthly expenses by requiring child support payments would only increase the amount of spousal maintenance appellant would have to pay respondent. We find appellant's argument is totally without merit.

4. Minn.Stat. § 518.14 provides the trial court, after considering the financial resources of both parties, may require one party to pay reasonable attorney fees. An award of attorney fees in dissolution cases rests almost entirely within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct. App.1984).

Despite appellant's contention he "religiously complied with all court orders," the trial court found appellant failed to produce meaningful discovery which resulted in substantial attorney fees and costs to respondent. The trial court's order awarding respondent $5000 for her attorney fees was not an abuse of discretion. *See Burton v. Burton*, 365 N.W.2d 310, 312 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 31, 1985) (the trial court did not abuse its discretion in ordering husband to pay $4000 in attorney fees where husband's efforts to obstruct discovery and his refusal to comply with court orders caused wife to spend significantly more time on dissolution than would have been necessary had husband cooperated).

### DECISION

The trial court did not abuse its discretion in apportioning marital assets and debts, not ordering child support, and awarding respondent $1000 per month permanent spousal maintenance and $5000 in attorney fees.

Affirmed.