*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2280**

In re the Marriage of:
Dawn Marie Mondus Loger, petitioner,
Respondent,

vs.

Cory Scott Loger,
Appellant.

**Filed September 15, 2014
Affirmed; motions denied
Halbrooks, Judge**

Anoka County District Court
File No. 02-FA-12-525

Dawn Marie Mondus Loger, Andover, Minnesota (pro se respondent)

Melanie P. Persellin, Jensen Sondrall & Persellin, P.A., Brooklyn Park, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's entry of default dissolution judgment and denial of his motion to vacate the default judgment. We affirm the judgment of the district court and deny the motions brought by both parties on appeal.

**FACTS**

Appellant Cory Scott Loger and respondent Dawn Marie Mondus Loger were married in June 2000. They separated in March 2012, shortly before respondent commenced this dissolution action by personal service of the summons and petition. In the petition, respondent requested sole legal and physical custody of the parties' four minor children based on a history of domestic abuse, subject to appellant's right to reasonable parenting time. In April, the parties stipulated that respondent would have exclusive use and occupancy of the marital home, and respondent agreed to dismiss her application for an order for protection (OFP) against appellant. The parties also stipulated to temporary custody and parenting-time arrangements.

Also in April 2012, respondent granted appellant an indefinite extension of time to respond to the petition. Respondent asserts that the purpose of the extension was to allow the parties to engage in financial early neutral evaluation (FENE). Although the district court ordered the parties to exchange relevant documents and engage in FENE, appellant never produced any documents. The neutral evaluator determined that the case was inappropriate for FENE and returned the matter to the district court in May 2012.

On September 10, the district court ordered appellant to serve answers to respondent's discovery requests, which had been served months earlier, and ordered the parties to attend two mediation sessions by the end of September. In October, the district court ordered temporary joint legal custody, with sole physical custody to respondent, regularly scheduled parenting time to appellant, and basic child support of $631 per month. The next month, the parties appeared before the district court on respondent's

motion for an order to show cause. Appellant acknowledged that he had not yet responded to respondent's interrogatories and that he had not paid child support but argued that he had a right to offset child-support payments with amounts that he had spent on behalf of the children. The district court patiently explained to appellant that his understanding of his child support and discovery obligations was flawed.[1] The district court instructed appellant, "Mr. Loger, I don't know if you understand the seriousness of what's going on here. You are acting as your own attorney. I am going to hold you to the same standard."

In January 2013, the district court found appellant in constructive civil contempt of court for his failure to pay child support or to comply with the district court's September 10 order to respond to respondent's interrogatories. The district court sentenced appellant to two consecutive 30-day stints in the Anoka County workhouse but stayed the sentences on the conditions that appellant pay child support and fully and accurately complete, sign, and serve his responses to respondent's interrogatories by February 23, 2013. The district court also awarded attorney fees to respondent, reserving the amount. A review hearing was scheduled for the first week of April. As of March 22, 2013, appellant had not complied with the January contempt order, and respondent filed and served a notice of intent to proceed by default. The district court notified the parties that it would hear respondent's default motion in conjunction with the review hearing on the contempt order.

---

[1] Appellant was represented by counsel at the initial case-management conference in April 2012 but discharged his attorney by July 18, 2012, and proceeded unrepresented until just after entry of default judgment in April 2013.

3

At the April 5 hearing, both parties testified, and the district court inquired about appellant's failure to pay child support and his failure to comply with the district court's discovery orders. Appellant persisted in his claim that he was entitled to deduct amounts he spent on the children's expenses from his child-support obligation and asserted that he was doing the best he could as a self-represented party.

The district court subsequently issued its findings of fact, conclusions of law, and order for judgment, dissolving the parties' marriage and awarding respondent sole legal and physical custody, awarding child support, and ordering a parenting-time schedule that was nearly identical to the temporary arrangement that was in place. Some of the factual findings made by the district court were based on requests for admissions served by respondent on October 5, 2012, and January 18, 2013, that appellant never answered, and the district court deemed admitted.[2]

After entry of default judgment, appellant promptly retained counsel and moved the district court to reopen the judgment, arguing that the district court failed to make appropriate findings supporting its (1) custody determination, (2) upward deviation from the child-support guidelines, and (3) award of attorney fees. Appellant argued that fraud on the court as well as the interests of justice supported reopening the judgment.

---

[2] Minn. R. Civ. P. 36.01 provides with respect to requests for admissions that "[t]he matter is admitted unless within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." Under Minn. R. Civ. P. 36.02, "[a]ny matter admitted pursuant to this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Appellant asserted that he had never intended to default and that he had complied with district court orders during the course of the litigation.

After a hearing on appellant's motion, the district court found that appellant "substantially failed to participate in this matter until after entry of the Judgment and Decree" and that he "made no showing that he had a reasonable defense" due in part to admissions that he made with respect to custody, child support, and attorney fees by failing to respond to respondent's requests for admissions. The district court reviewed the *Finden* factors and determined that they did not as a whole favor granting appellant's motion. Thus, the district court denied appellant's motion to reopen the judgment and decree. This appeal follows.

## D E C I S I O N

### I.

Appellant argues that the district court abused its discretion in granting respondent's motion for default dissolution judgment and decree. The decision to grant or deny a motion for a default judgment lies within the discretion of the district court, and we will not reverse it absent an abuse of that discretion. *Black v. Rimmer*, 700 N.W.2d 521, 525 (Minn. App. 2005), *review dismissed* (Minn. Sept. 28, 2005).

The district court granted respondent's motion for default judgment under Minn. Stat. § 518.13, subd. 1 (2012), based on appellant's failure to file an answer or any pleadings. The district court also noted that appellant had been found in constructive civil contempt based on his refusal to answer interrogatories and for nonpayment of child support. Upon receipt of a petition for dissolution of marriage, a respondent has 30 days

5

to answer the petition. Minn. Stat. § 518.12 (2012). "A party appears when that party serves or files any document in the proceeding." Minn. R. Civ. P. 5.01. "If the respondent does not appear after service duly made and proved, the court may hear and determine the proceeding as a default matter." Minn. Stat. § 518.13, subd. 1. Appellant was served with the summons and petition on March 19, 2012, and was therefore required to answer by April 18, 2012. Appellant does not deny that he failed to file any pleadings but argues that respondent granted him an extension to answer the petition and failed to notify the district court that she had done so. But even assuming that the extension was still valid, appellant also neglected to call it to the district court's attention. And aside from not filing an answer, appellant also failed to participate in any other meaningful way in the litigation despite a series of motions and court orders that required him to do so.

Although appellant personally appeared at all district court hearings over the course of a year, he filed no pleadings, motion responses, prehearing statements, or other documents. Appellant also refused to take part in a custody evaluation and failed to respond in any meaningful way to respondent's discovery requests. He failed to produce any documents required for FENE. He neither responded to respondent's default motion nor at that point filed or served an answer to the petition. At the default hearing, appellant informed the district court that he had not filed anything because he had hoped to settle the case and because he lacked the requisite legal expertise. Appellant then requested a continuance so that he could retain legal counsel.

This is not a circumstance in which a party learned of a default proceeding at the last minute, appeared at the hearing, and requested a continuance. The district court repeatedly explained to appellant that he was obligated to comply with court rules, deadlines, and orders. Appellant had been served with the divorce petition more than a year earlier, had attended a number of hearings, had been found in contempt of court months earlier for his failure to comply with discovery and child-support obligations, and had actual notice of the default petition. "Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). Even if the initial extension to respond to the summons and petition was still valid in early March 2013, appellant was surely on notice of its withdrawal no later than when he was served with the notice of intent to proceed by default. By failing to file any pleadings—or respond to the default motion—appellant failed to appear, and the district court did not abuse its discretion by entering a default judgment under Minn. Stat. § 518.13, subd. 1.

**II.**

Appellant also challenges the district court's denial of his motion to vacate the default judgment, which we review for abuse of discretion. *See Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn. 2004). A dissolution decree is "final when entered, subject to the right to appeal." Minn. Stat. § 518.145, subd. 1 (2012). The proper method to seek review of a default judgment in a marriage dissolution proceeding is to move the district

court for relief under Minn. Stat. § 518.145 (2012).[3] *Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 493 (Minn. App. 1995). The party seeking relief from a judgment bears the burden of proof. *Haefele v. Haefele*, 621 N.W.2d 758, 765 (Minn. App. 2001), *review denied* (Minn. Feb. 21, 2001).

The district court may relieve a party from a judgment and decree due to, among other grounds, excusable neglect, misrepresentation, or fraud. Minn. Stat. § 518.145, subd. 2(1), (3). Because appellant's motion was made within one year of the entry of judgment, the ordinary fraud standard is the correct standard to apply. *See Doering v. Doering*, 629 N.W.2d 124, 130 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001). Ordinary fraud in the context of a dissolution does not require intentional misrepresentation or nondisclosure; rather, "failure of a party . . . to make a full and complete disclosure constitutes sufficient reason to reopen the dissolution judgment." *Id.* at 129.

The district court's findings as to whether the judgment was prompted by mistake or fraud will not be set aside unless they are clearly erroneous. *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App. 1998). A finding is clearly erroneous if this court is "left with the definite and firm conviction that a mistake has been made." *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (quotation omitted). When applying the clearly erroneous standard, this court views the record in the light most favorable to the district court's findings. *Id.* That the record might support findings other

---

[3] Appellant's motion to the district court was premised on Minn. R. Civ. P. 60.02. The district court correctly ruled that rule 60.02 does not apply to marriage dissolution decrees.

than those made by the district court does not render the findings clearly erroneous. *Id*. at 474.

Appellant argues that respondent made material misrepresentations to the district court about appellant's failure to file a responsive pleading and about appellant's compliance with discovery. With respect to pleadings, appellant himself failed to assert that he was still relying on the initial extension. Appellant fails to explain how respondent "fail[ed] . . . to make a full and complete disclosure," *Doering*, 629 N.W.2d at 129, by not making this argument for him. Similarly, the record does not support appellant's argument that respondent failed to disclose information about appellant's compliance with discovery. The record reflects that the district court was well acquainted with appellant's discovery deficiencies. Although the ordinary fraud standard is "less strenuous" than that of fraud on the court, *Doering*, 629 N.W.2d at 129, the district court did not clearly err in determining that the ordinary fraud standard is not satisfied here.

Although Minn. R. Civ. P. 60.02 does not apply to marriage dissolution decrees, cases citing rule 60.02 have been relied on in applying Minn. Stat. § 518.145, subd. 2. *See, e.g.*, *Peterson v. Eishen*, 512 N.W.2d 338, 341 (Minn. 1994) (applying precedent interpreting rule 60.02(d) in construing functionally identical language in section 518.145, subdivision 2(4)), *superseded by rule on other grounds*, Minn. R. Civ. P. 12.02, as recognized in *Fed.–Hoffman, Inc. v. Fackler*, 549 N.W.2d 93, 95 (Minn. App. 1996), *review denied* (Minn. Aug. 20, 1996). To be relieved from a default judgment under rule 60.02, the moving party has the burden of demonstrating: (1) a reasonable defense on the merits, (2) a reasonable excuse for failure or neglect to act, (3) due diligence after notice

of entry of judgment, and (4) absence of substantial prejudice to the opponent. *Finden v. Klaas*, 268 Minn. 268, 270-71, 128 N.W.2d 748, 750 (1964). All four *Finden* factors "must be proven, but a weak showing on one factor may be offset by a strong showing on the others." *Reid v. Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001).

**Reasonable Defense on the Merits**

Appellant makes no explicit argument about his reasonable defense on the merits with respect to the dissolution judgment itself. But he does argue that the district court abused its discretion by failing to make adequate findings about (1) the best interests of the children with respect to custody, (2) an upward deviation from the presumptive child-support obligation, and (3) an award of attorney fees. "A reasonable defense on the merits is one that, if established, provides a defense to the plaintiff's claim." *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 403 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). "Specific information that clearly demonstrates the existence of a debatably meritorious defense satisfies this factor." *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 174 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Jan. 27, 2010).

*Custody*

Minnesota law requires the district court to consider a variety of factors "where either joint legal or joint physical custody is contemplated or sought." 2014 Minn. Laws ch. 197, § 1 (amending Minn. Stat. § 518.17, subd. 2 (2012)). But in the case of domestic abuse between the parents, which is supported by the record here, there is "a rebuttable

10

presumption that joint legal or physical custody is not in the best interests of the child[ren]." *Id*.

The district court found that by failing to respond to respondent's requests for admissions, appellant admitted that "(1) [respondent] provides the primary care and residency for the children; (2) [i]t is in the best interests of the minor children of the parties to remain in [respondent's] sole physical custody; (3) [appellant] engaged in acts of domestic violence against [respondent] throughout the marriage; and (4) [i]t is in the best interests of the minor children that [respondent] be granted sole legal custody . . . ." The district court determined based on these admissions that appellant lacked a reasonable defense on the merits with respect to custody. The district court also found that appellant has no reasonable defense on the merits due to "his absolute failure to seek a custody evaluation or provide any submission to the Court regarding the best interests of the minor children." These findings are well supported by the record. The district court properly determined that an award of sole legal and sole physical custody is in the children's best interests.

Appellant now argues that despite the lack of any basis in the record for a different custody ruling, the district court abused its discretion in denying his motion to vacate the default judgment because the district court failed to analyze the 13 statutory best-interests factors. "On appeal, a party cannot complain about a district court's failure to rule in [his] favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence that would allow the district court to fully address the question." *Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App. 2003), *review*

11

*denied* (Minn. Nov. 25, 2003).  In light of the statutory presumption that sole custody is in the children's best interests, appellant's failure to provide the district court with any information bearing on the best interests of the children, and appellant's admissions that the children's best interests would be served by granting sole legal and physical custody to respondent, we conclude that the district court did not err in determining that appellant has no reasonable defense on the merits with respect to its custody ruling.

*Attorney Fees*

In its January 2013 contempt order, the district court found that respondent was entitled to attorney fees but reserved the amount.  The district court later ordered appellant to pay respondent $15,000 "toward the attorney fees she has incurred in this matter associated with [appellant's] failure to comply with [d]iscovery requests and his contempt of court."  Appellant argues that the district court's findings are insufficient to support the award.

The district court has the discretion to award conduct-based attorney fees against a party who unreasonably contributes to the length or expense of a proceeding.  Minn. Stat. § 518.14, subd. 1 (2012).  A district court may award attorney fees based on a party's failure to produce meaningful discovery.  *Jensen v. Jensen*, 409 N.W.2d 60, 63 (Minn. App. 1987).  The party moving for conduct-based fees has the burden to establish that the adverse party's conduct during the litigation process justifies an award.  *Geske v. Marcolina*, 624 N.W.2d 813, 818-19 (Minn. App. 2001).

By failing to respond to requests for admissions, appellant admitted under Minn. R. Civ. P. 36.01 that respondent "[is] entitled to an award of $15,000 in attorney's fees

due to his own actions and contempt of court." Under Minn. R. Civ. P. 36.02, "[a]ny matter admitted pursuant to this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Because the record amply supports the district court's finding that respondent incurred costs due to appellant's failure to comply with discovery and his contempt of court and because appellant specifically admitted that $15,000 is an appropriate award, the district court did not abuse its discretion in awarding conduct-based attorney fees in that amount.

Appellant also argues that respondent incurred no attorney fees for part of the time period at issue. Although respondent proceeded unrepresented after entry of default judgment, at all times relevant to the request for fees, respondent was represented by counsel. Because the attorney-fee award is amply supported by the record, we conclude that the district court did not err in finding that appellant has no reasonable defense on the merits with respect to the attorney-fee award.

*Additional Child Support*

Appellant also challenges paragraph 6.iv of the district court's conclusions of law in the default judgment, labeled "Additional Support." In this provision, the district court ordered appellant to pay 71% "of all mutually agreed upon school and extracurricular activities" and to be solely responsible for expenses associated with the children's participation in wrestling and any out-of-state tournaments that he attends with the children.

Appellant argues on appeal that the district court abused its discretion by (1) ordering appellant to pay 71% of mutually agreed-upon expenses, (2) ordering him to

13

pay 100% of wrestling expenses, and (3) by failing to make findings in support of what he contends is an upward deviation from child-support guidelines. Appellant's arguments about his allocated percentage and the wrestling expenses are waived for failure to raise the issues to the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).

Appellant's argument about the adequacy of findings is properly before us. Appellant argues that paragraph 6.iv represents an upward deviation from his presumptive child-support obligation and that the district court deviated upward without making necessary findings. "If the court deviates from the presumptive child support obligation computed under section 518A.34, the court must make written findings that [address identified factors]." Minn. Stat. § 518A.37, subd. 2 (2012).

After entry of default judgment, the parties stipulated that "mutually agreed upon" expenses under paragraph 6.iv were expenses that the parties had agreed to in writing before incurring any expense. The district court referenced this stipulation—and the August 22, 2013 order memorializing it—in its October 15 order denying the motion to vacate the default judgment. Therefore, under the challenged provision, appellant is not obligated to pay anything unless the parties mutually agree to the expenditure in advance. Because the challenged expenses are not mandatory, they do not represent an upward deviation from child-support guidelines, and the district court was not required to make specific written findings under subdivision 2. The district court therefore did not err in

14

finding that appellant lacks a reasonable defense on the merits with respect to the child-support award.

**Excusable Neglect**

The district court found that "[appellant] has no defense for his failure to act," noting that it had warned appellant that he would be held to the same standard as an attorney. The district court identified appellant's failures to file any pleadings, retain counsel until after entry of judgment, answer interrogatories, pay child support, and respond to the default motion. Appellant does not specifically dispute these findings but argues that because he had been granted an extension to answer the petition and appeared personally at all hearings, the district court should have found any neglect excusable.

"Neglect of the party itself which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment." *Black*, 700 N.W.2d at 527 (quotation omitted). The district court's findings that appellant himself, as contrasted with counsel, neglected the matter are amply supported by the record. The district court properly found that appellant's failure to participate meaningfully in the litigation was inexcusable when he received proper notice of all proceedings, received repeated warnings from the district court, was found in contempt of court for his ongoing neglect of the matter, and failed to act even when faced with an imminent threat of 60 days in the workhouse.

**Due Diligence After Notice of Entry of Judgment**

It is undisputed that appellant acted with due diligence after receiving notice of entry of default judgment.

**Absence of Substantial Prejudice to Opponent**

The district court found that although, generally, additional expense and delay do not rise to the level of substantial prejudice to the opponent, appellant's showing on this factor is weak due to his intentional delays. In general, when the only prejudicial effect of vacating a judgment is additional expense and delay, "substantial prejudice of the kind necessary to keep a judgment from being reopened does not exist." *Peterson v. Skutt Ceramic Prods., Inc.*, 417 N.W.2d 648, 651 (Minn. App. 1987), *review denied* (Minn. Mar. 18, 1988). But when a party's delays are purposeful and the district court perceives that the party is intentionally ignoring the process, "[t]he additional expense must be viewed in a different light." *Black*, 700 N.W.2d at 528 (quoting *Hovelson v. U.S. Swim & Fitness, Inc.*, 450 N.W.2d 137, 142 (Minn. App. 1990), *review denied* (Minn. Mar. 16, 1990)). The district court's finding that appellant intentionally delayed this matter is supported by the record. And because this is a dissolution judgment, finality of judgment is of particular importance. *Shirk v. Shirk*, 561 N.W.2d 519, 521-22 (Minn. 1997). The district court properly concluded that appellant has not met his burden of showing an absence of substantial prejudice to respondent if the dissolution judgment is reopened.

**III.**

During the course of this appeal, respondent filed a motion to strike appellant's brief as untimely and nonconforming and asked this court to dismiss the appeal or, alternatively, to deny oral argument. Respondent also seeks an award of costs incurred in responding to the appeal. Appellant opposed respondent's motion and seeks an award of attorney fees incurred in responding to the motion.

16

The rules provide that an appellant has 30 days after delivery of the transcript to serve and file a brief, with an additional three days if the transcript is delivered by United States mail. Minn. R. Civ. App. P. 126.01, 131.01, subd. 1. The last transcript for the appeal was delivered by mail on April 16, 2014. Appellant's briefing deadline was therefore May 19, 2014. Appellant's brief was timely filed with the clerk of appellate courts by hand-delivery on May 15, 2014, and timely served on respondent by United States mail on May 15, 2014. *See* Minn. R. Civ. App. P. 125.03 (providing that service by United States mail is complete on mailing). Respondent's assertion that appellant's brief was untimely is therefore without merit.

Respondent also challenges appellant's brief based on its 62-page length[4] and its failure to include a certificate of compliance with word-count or line-count limitations. "Except for good cause shown and with permission of the appellate courts," a principal brief shall not exceed 45 pages, exclusive of pages containing the table of contents, table of citations, and any addendum. Minn. R. Civ. App. P. 132.01, subd. 3. Alternatively, a principal brief is acceptable if it contains no more than 14,000 words or it uses a monospaced font and contains no more than 1,300 lines of text. *Id.*, subd. 3(a). A brief submitted under rule 132.01, subdivision 3(a), (b), or (c), must include a certificate that the brief complies with the word-count or line-count limitation. Minn. R. Civ. App. P. 132.01, subd. 3.

Appellant responded to respondent's motion with a certification that appellant's principal brief "is 62 pages and consists of 13,988 words, inclusive of footnotes." Based

---

[4] Exclusive of tables of contents and citations.

on the certificate, appellant's brief complies with the alternative length limitation of 14,000 words for a principal brief. Respondent's motion to strike appellant's brief and to dismiss the appeal is therefore denied.

Respondent also moved this court to deny appellant's request for oral argument. Although appellant requested oral argument, this appeal was scheduled for nonoral consideration because respondent is self-represented. *See* Minn. App. Spec. R. Pract. 2 ("If any litigant is without counsel, the case will be submitted on the briefs and record, without oral arguments by any party."). Respondent's motion to deny oral argument is denied as moot.

Respondent also requests costs in her motion. A prevailing party may file and serve a notice of taxation of costs and disbursements within 15 days after the filing of this court's opinion. Minn. R. Civ. App. P. 139.03. At the time the motion was filed, the appeal had not been decided on the merits, and the request was premature. *See id.* Respondent's motion for costs is denied as premature.

Appellant, in turn, seeks an award of attorney fees incurred in responding to respondent's motion. A party seeking attorney fees on appeal shall submit such a request by motion. Minn. R. Civ. App. P. 139.06, subd. 1. Appellant did not file a motion documenting the appropriate amount of fees. Appellant's request for attorney fees does not comply with Minn. R. Civ. App. P. 139.06. But even if appellant had filed a proper motion, we would deny fees because appellant did not demonstrate a substantive basis for an award of attorney fees. Respondent's motion to strike would not have been filed if appellant had provided a certificate of brief length with the brief as directed by Minn. R.

18

Civ. App. P. 132.01, subd. 3.  Appellant's motion for an award of attorney fees incurred in responding to respondent's motion is denied.

**Affirmed; motions denied.**