774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Local Union 407 Insurance Fund, Plaintiff-Appellee,
v.
Shippers Freight Lines, Inc., Defendant-Appellant.
 No. 85-3369
 United States Court of Appeals, Sixth Circuit.
 9/26/85
 
 N.D.Ohio
 DISMISSED
 ORDER
 BEFORE: KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon plaintiff-appellee's motion to dismiss. The defendant-appellant did not file a response in opposition.
 
 
 2
 Local Union 407 Insurance Fund ('the union') sued Shippers Freight Lines, Inc. ('the employer') alleging that the employer was delinquent in making required payments to the union pension fund. When answer time expired without the employer pleading or otherwise defending, the union filed a motion for default judgment which the district clerk noted on the docket sheet. After a hearing, the district court directed the parties to prepare a consent entry of judgment, but none was filed in the ten months that followed, even though the union drafted several proposals for the employer to sign.
 
 
 3
 Instead, the employer sought relief from judgment, Rule 60(b)(1), Federal Rules of Civil Procedure, which the district court denied, on April 3, 1985. The employer timely appealed but that alone does not confer jurisdiction on this Court. Although this was not the reason for denial, the district court said in its order: 'Review of the court record shows that final judgment was never entered.' The original entry of default by the clerk was simply official recognition that the employer was in default of its answer. Rule 55(a), Federal Rules of Civil Procedure. It was no more than an interlocutory act looking toward the subsequent step, an entry of a final judgment by default. Rule 55(b), Federal Rules of Civil Procedure; Chrysler Credit Corp. v. Macino, 710 F.2d 363 (7th Cir. 1983). That step was never taken. Since no final judgment exists from which the employer could appeal,
 
 
 4
 It is ORDERED that the motion to dismiss is granted.