Margaret BLACK and Gary Coopman, as trustee for the next of kin of Angela Marie Black, decedent; and Shia Lynn Black, a minor by and through her grandmother and natural guardian, Margaret Black, Respondents,

v.

**Phillip RIMMER, Appellant.**

Shelly Otto, as trustee for the next of kin of Zoe Patricia Kloster, decedent, and Jennifer Cemenski, Respondents,

v.

**Phillip Rimmer, Appellant.**

**Nos. A04–2185, A04–2316.**

Court of Appeals of Minnesota.

July 19, 2005.

Robert D. Boedigheimer, Peter J. Horejsi, Justin Silcox, McCloud & Boedigheimer, P.A., Bloomington, MN, for respondents Margaret Black, et al.

Philip Sieff, Vincent J. Moccio, Patricia Yoedicke, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for respondents Shelly Otto, et al.

Sylvia Ivey Zinn, Brendel and Zinn, Ltd., Lake Elmo, MN, for appellant.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

Considered and decided by KLAPHAKE, Presiding Judge; HALBROOKS, Judge; and PORITSKY, Judge.

## OPINION

PORITSKY, Judge.*

In this appeal, appellant argues that the district court abused its discretion by (1) entering default judgments against him, and (2) denying his motion to vacate the default judgments. Because appellant did not submit an answer or file any defensive motions, and because he failed to establish the factors necessary to vacate a judgment, we affirm.

## FACTS

On December 2, 2001, a car driven by appellant Phillip Rimmer crossed the center line and collided head-on with a car driven by respondent Jennifer Cemenski. Cemenski was seriously injured in the accident, and her four-year-old daughter, Zoe Kloster, was killed. Angela Black, Cemenski's friend, was also killed in the accident, and Black's five-year-old daughter, Shia Black, sustained serious injuries.

On January 14, 2002, respondents Margaret Black and Gary Cooper, as trustee for the next of kin of Angela Black and as guardian of Shia Black (collectively referred to herein as respondents Black), served Rimmer with a summons and complaint, alleging wrongful-death and personal-injury claims resulting from the accident. Rimmer's insurance carrier denied coverage for the accident.

Respondents Black noticed Rimmer's deposition. When Rimmer appeared pro se on December 27, 2002, he was served with a summons and complaint by respondents Cemenski and Shelly Otto as trustee

appointment pursuant to Minn. Const. art. VI, § 10.

for Kloster (collectively referred to herein as respondents Cemenski). The Cemenski complaint asserted wrongful-death and personal-injury claims resulting from the December 2001 accident. During the course of the deposition, Rimmer was questioned by attorneys representing both sets of respondents. Rimmer did not file an answer to either of the complaints, nor did he bring a rule 12 or other defensive motion.

Over a year later, in January 2004, respondents Cemenski served Rimmer with notice of a motion for default judgment, and on March 3, 2004, respondents Black served Rimmer with notice of their motion for default judgment. The next day, Rimmer's insurance carrier retained counsel for Rimmer. On March 8, 2004, there was a hearing on respondents' motions for default judgment. This hearing was Rimmer's first appearance before the court. The district court concluded that Rimmer had "defaulted ... by failing to answer, plead or otherwise defend" and granted respondents' motions for default judgment. After two hearings to determine damages, the district court issued orders granting respondents Cemenski damages totaling approximately $1.5 million and respondents Black damages totaling $3.6 million. The judgments were entered on July 14, 2004.

Rimmer moved to vacate the default judgments. The district court found that Rimmer did not establish the factors necessary to vacate the judgments, and it denied his motion. Rimmer·filed two notices of appeal, challenging both the entry of the default judgments and the denial of his motion to vacate the judgments. This court consolidated Rimmer's appeals.

## ISSUES

1. Did the district court abuse its discretion by granting respondents' motions for default judgments?

2. Did the district court abuse its discretion by denying appellant's motion to vacate the default judgments?

## ANALYSIS

### I.

■ Rimmer first challenges the district court's decision to grant respondents' motions for default judgments. The decision to grant or deny a motion for a default judgment lies within the discretion of the district court, and this court will not reverse absent an abuse of that discretion. *Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn. 1980).

Respondents filed motions for default judgments pursuant to Minn. R. Civ. P. 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time allowed therefor by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against that party...." Minn. R. Civ. P. 55.01.

Rimmer concedes that he "failed to plead in the form of formal written answers," but he argues that his cooperation with respondents "rise[s] to the level of 'or otherwise defend' as proscribed [sic] in rule 55.01." He argues that he met the requirements of rule 55.01 when he "appeared for his deposition" and "answered all of the questions put to him," and when he "personally appeared at each and every matter scheduled before the trial court and had several telephone discussions with [respondents'] attorneys." He goes on to explain that "he was not aware that formal written answers were required."

■ There is no Minnesota caselaw interpreting "otherwise defend" in rule

55.01, but that portion of the rule is substantially similar to rule 55(a) in the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 55(a) (providing for entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules" (emphasis added)). Federal courts' interpretations of federal rules of procedure may provide guidance on interpretation of parallel state rules of procedure. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). Under the federal rules, "otherwise defend" has long referred to "attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir.1949). Rimmer made no such attacks or defensive motions. In our opinion, his "cooperation" does not satisfy the requirement of "otherwise defend" as contemplated by Minn. R. Civ. P. 55.01.

■ But a district court should deny a motion for default judgment "when four requirements are met: defendant has a reasonable defense on the merits; defendant has a reasonable excuse for his failure to answer; defendant acted with due diligence after notice of the entry of judgment; and no substantial prejudice will result to other parties." *Coller,* 294 N.W.2d at 715. As we will note *infra,* these are the same factors a district court should consider when deciding whether to vacate a judgment under Minn. R. Civ. P. 60.02. *Guillaume & Assocs. v. Don–John Co.,* 371 N.W.2d 15, 18 (Minn.App.1985). Thus, our analysis of the four factors that we make in reviewing the district court's granting of the default judgments will be the same analysis that we will make in reviewing the court's denial of Rimmer's motion to vacate those judgments.

■ To obtain relief under rule 60.02, all four of the factors must be present. *Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988). But a "strong showing on the other factors may offset relative weakness on one factor." *Imperial Premium Fin., Inc. v. GK Cab Co.,* 603 N.W.2d 853, 857 (Minn.App.2000).

### Reasonable defense on the merits

■ Rimmer does not argue that he has a defense on the issue of liability. Instead, he argues that he "was not afforded the opportunity to defend against the [r]espondents' damages claims." He claims, "It is believed that if [Rimmer] had the opportunity to defend against damages, the trial court or a jury would have reached a more realistic and reasonable value of these claims."

After the district court entered default judgments, it held hearings on two separate dates to establish damages, at which respondents offered both testimony and extensive documentary evidence to establish their claims. The district court found that as a result of the accident, a woman and a four-year-old child were killed, and a woman and a five-year-old child were seriously and permanently injured. In light of these findings alone, it is not surprising that the respondents suffered extensive damages. The court also made numerous and specific findings concerning respondents' damages.

Rimmer does not attack the past medical expenses of Jennifer Cemenski or Shia Black, both of whom survived. Such damages lend themselves to precise documentary proof. Instead, Rimmer focuses on such elements as loss of companionship suffered by the families of the two individuals who were killed and the pain and suffering of the two who survived. Such damages do not lend themselves to precise proof and are thus always subject to the

attack that, had the defendant been in court, the damage award would have been smaller. But as respondents Cemenski point out, to conclude that a defendant makes a strong showing of a reasonable defense by claiming he would have argued for a lower award would mean. that no default personal-injury judgment would ever be safe from vacation "since all such judgments inevitably require the finder of fact to exercise discretion."

In our opinion, the district court's rulings on the issue of damages suffered by respondents are supported by the record. We conclude that, at best, Rimmer has made only a weak showing that he has a reasonable defense on the merits.

**Reasonable excuse for the failure to act**

■■■ "Neglect of the party itself which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment." *Howard v. Frondell*, 387 N.W.2d 205, 208 (Minn.App.1986), *review denied* (Minn. July 31, 1986). The district court observed that Rimmer was "well aware of the legal proceedings" and that "there can be no conclusion but that Rimmer's failure to obtain legal counsel was intentional [and] that his failure to represent himself pro se and interpose an Answer was intentional."

■■■ Rimmer attempts to excuse his failure to act on his "lack of understanding," arguing that the "negligence of pro se defendants with regard to the technical requirements of civil procedure has been excused by the courts in the past." The summons prescribed by the rules of civil procedure explains to the defendant that he or she is "hereby ... required to serve upon plaintiff's attorney an answer to the complaint ... within 20 days after service of this summons upon you." Minn. R. Civ. P. Form 1. It is true that the language "serve upon plaintiff's attorney an answer"

has a special meaning: the defendant is required get a written response into the hands of plaintiff's attorney. One could argue—as Rimmer does—that a non-lawyer might not understand what he is required to do. But on July 10, 2003, the district court issued an order requiring the parties "to file Informational Statements with the Court Administrator, with a copy to this Court, **no later than August 25, 2003.**" The order went on to read, "Failure to file the Informational Statements may result in ... sanctions." In our view, this order makes clear to anyone, legally trained or otherwise, that some type of paper must be filed with the court. Rimmer did not comply with the order. "Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standard as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald,* 629 N.W.2d 115, 119 (Minn.App.2001).

Rimmer's position in support of his argument that he had a reasonable excuse for his failure to act is ultimately premised on the fact that he did not have a lawyer. But the district court found that Rimmer "had every opportunity to retain his own legal counsel upon discovering that [his insurer] refused to tender [sic] coverage." In Rimmer's deposition, when he was asked if he intended to retain an attorney, he said, "I don't know, I don't think I have the money for it. Those are pretty expensive, lawyers are." But in his affidavit in support of his motion to vacate the default judgment, Rimmer merely says, "I attempted to retain an attorney, but was not able to do so." He did not tell the court of his efforts to obtain a lawyer, nor did he say that he was not represented because he could not afford an attorney. Thus, the record supports the district court's conclu-

sion that Rimmer's failure to obtain legal counsel was intentional.

In light of the record, it is our conclusion that the only way by which we could conclude that Rimmer has a reasonable excuse for his failure to act is by adopting a rule that would allow a pro se defendant to ignore the proper procedures and wait until the plaintiffs have gone to the expense and effort to prove liability and damages, after·which the defendant could respond and claim that he or she had a reasonable excuse for failure to act. We decline to adopt such a rule. We conclude that Rimmer failed to meet his burden on this issue and that the district court correctly found that "Rimmer has no valid excuse for his failure to interpose an Answer to the Complaints."

### Due diligence after notice of entry of the default judgment

The final judgments against Rimmer were entered on July 14, 2004, and Rimmer filed his motion to vacate on August 20, 2004. Rule 60.02 requires that motions be made "not more than 1 year after the judgment ... was entered." Minn. R. Civ. P. 60.02. "[T]his court has held that acting within three months is due diligence," and we conclude that when Rimmer filed his motion to vacate five weeks after entry of the default judgments, he acted with due diligence. *See Imperial Premium,* 603 N.W.2d at 858.

### No substantial prejudice to the opposing party

The district court concluded that because Rimmer's failure to obtain legal counsel or act pro se was intentional, the expense and delay that respondents would incur if the judgments were vacated would amount to substantial prejudice.

In general, when the only prejudicial effect of vacating a judgment is additional expense and delay, "substantial prejudice of the kind necessary to keep a judgment from being reopened does not exist." *Peterson v. Skutt Ceramic Prods., Inc.,* 417 N.W.2d 648, 651 (Minn.App.1987), *review denied* (Minn. Mar. 18, 1988). But this court noted an exception to the general rule in *Hovelson v. U.S. Swim & Fitness, Inc.,* 450 N.W.2d 137, 142 (Minn.App. 1990), *review denied* (Minn. Mar. 16, 1990). There, in discussing the issue of prejudice, we took note of the fact that the defendant's delays were purposeful and that the district court "perceived ... that there [was] intentional ignoring of process." We continued, "[T]he additional expense must be viewed in a different light. To force a claimant to go to the expense of a hearing in court, to gather evidence and expert testimony and the concomitant preparation, all either by inexcusable neglect or by intent, colors the prejudice with a deeper hue." *Id.* at 142.

In our opinion, the present case fits the exception noted in *Hovelson,* where we concluded that the defendant's conduct "weaken[ed] the element of prejudice." *Id.* Thus, we conclude that, at best, Rimmer has made only a weak showing that respondents will not suffer substantial prejudice if the default judgments are vacated.

Rimmer has made (1) a strong showing he acted with due diligence after entry of the default judgments; (2) at best, weak showings that he has a reasonable defense on the merits and that respondents would not suffer substantial prejudice by vacation of the default judgments; and (3) no showing that he has a reasonable excuse for his failure to act. Caselaw excuses a weak showing on one factor, if the other three factors are strong. *See Imperial Premium,* 603 N.W.2d at 857. But one strong showing will not make up for weak showings on two factors and no showing on the

fourth factor. We conclude that the district court did not abuse its discretion by granting respondents' motions for default judgments.

## II.

■ Rimmer also challenges the district court's denial of his motion to vacate the default judgments under Minn. R. Civ. P. 60.02. A district court has discretion to vacate a default judgment under rule 60.02, and we will not reverse its decision absent an abuse of that discretion. *Foerster v. Folland*, 498 N.W.2d 459, 460 (Minn.1993). Rimmer moved to vacate the default judgments under rule 60.02(a) and (f). Under rule 60.02, a district court may relieve a party from a final judgment, may order a new trial, or may "grant such other relief as may be just" for "[m]istake, inadvertence, surprise, or excusable neglect" or for "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(a), (f).

■ As we have noted above, under rule 60.02 a party seeking relief from a default judgment must establish four requirements: (1) a reasonable defense on the merits; (2) a reasonable excuse for the failure to act; (3) a showing of due diligence after notice of entry of the default judgment; and (4) a showing of no substantial prejudice to the opposing party resulting from the vacation of the judgment. *Coller*, 294 N.W.2d at 715; *see Imperial Premium*, 603 N.W.2d at 857. Courts should liberally apply these factors to further the policy of resolving cases on their merits. *Kemmerer v. State Farm Ins. Cos.*, 513 N.W.2d 838, 841 (Minn.App. 1994), *review denied* (Minn. June 2, 1994). And under rule 60.02(f), a default judgment may be vacated "where there is not sufficient evidence to support an award of damages." *Wiethoff v. Williams*, 413 N.W.2d 533, 537 (Minn.App.1987).

As discussed above in connection with our review of Rimmer's claim that the district court erred in granting respondents' motions for default judgment, we have concluded that Rimmer failed to sufficiently establish the four factors that would have required the court to deny the motions. Those factors are the same factors that are to be used in determining whether to grant a motion to vacate a judgment under rule 60.02. *Guillaume & Assocs.*, 371 N.W.2d at 18. We conclude that Rimmer is not entitled to relief under that rule. Moreover, we have examined Rimmer's claim relating to damages raised under rule 60.02(f), and we conclude that his showing is insufficient. Therefore, we conclude that the district court did not abuse its discretion by denying Rimmer's motion to vacate the default judgments.

## DECISION

Because Rimmer failed to plead or otherwise defend against respondents' personal-injury and wrongful-death claims and because he failed to establish the four factors on which the district court can base denial of a motion for default judgment, the district court did not abuse its discretion by granting respondents' motions for default judgments. Because Rimmer failed to establish those four factors, which are necessary to vacate a judgment under Minn. R. Civ. P. 60.02, the district court did not abuse its discretion by denying his motion to vacate the default judgments.

**Affirmed.**