In re Jimmy **THORNTON** and Judy Elaine Thornton, Debtor(s).

Timothy H. Ivy, Chapter 13 Trustee, Plaintiff

v.

Justin L. Thornton and Jimmy Thornton, Defendants.

Bankruptcy No. 08–14039. Adversary No. 09–5088.

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Nov. 24, 2009.

G. William Hymers, III, Jackson, TN, for Plaintiff.

C. Jerome Teel, Jr., Teel, McCormack & Maroney, PLC, Jackson, TN, for Defendants.

**MEMORANDUM OPINION RE: Chapter 13 Trustee's Motion for Default Judgment and Debtor's Response thereto**

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a hearing on Chapter 13 Trustee's Motion for Default Judgment and Jimmy Thornton's Response thereto on October 29, 2009. FED. R. BANKR.P. 9014. The Court has reviewed the testimony from the hearing and the record as a whole. This memorandum opinion shall serve as the Court's findings of facts and conclusions of law. FED. R. BANKR.P. 7052.

## I. Findings of Fact

On March 27, 2009, the Chapter 13 Trustee in this matter, Timothy Ivy, ("Trustee"), filed a complaint to avoid a pre-petition transfer of property against the debtor, Jimmy Thornton, ("debtor") and the debtor's son, Justin L. Thornton. According to the allegations in the complaint, the debtor executed a quit claim deed transferring his one half undivided interest in a 32 acre tract of land at Highway 641 South in Benton County, Tennessee, to Justin Thornton on January 18, 2008. The debtor did not receive any compensation for this transfer. The debtor owned this piece of property with his brother, Jerry Thornton. The complaint states that the total value of this property according to the Tennessee Real Estate Assessment Data is $29,600, but that First Bank had the property appraised in February 2008 for $257,000.00. The Trustee alleged that the debtor transferred his interest in this property with the intent to hinder, delay or defraud creditors within one year of filing his chapter 13 petition for bankruptcy relief. As a result, the transfer should be avoided pursuant to 11 U.S.C. § 548.

Copies of the Trustee's complaint and the summons were served on Justin Thornton at 11480 McLlwain Road, Holladay, Tennessee, on April 2, 2009. The debtor filed an answer to the complaint on May 27, 2009. Justin Thornton has not filed an appearance nor has he filed any responsive pleading in this matter.

The Trustee filed a motion for a default judgment against Justin Thornton on September 30, 2009. The debtor filed a response to the Trustee's motion on October 1, 2009, in which he alleged that entry of a default judgment was not appropriate in this matter. In so doing, the debtor alleged that the Federal Rules of Civil Procedure do not provide for entry of a default judgment when the defendant has otherwise participated in the litigation. In this case, the debtor alleged that Justin Thornton had "participated in the subject action to a sufficient degree to thwart the Plaintiff's request for a default judgment" by appearing and testifying at a deposition on September 29, 2009. The debtor also alleged that entry of a default judgment against Justin Thornton would prejudice the debtor and lead to inconsistent results should the debtor prevail at the trial in this matter.

According to the statements of counsel at the hearing in this matter, Justin Thornton is an adult. He is not suffering from any disability. He resides at the 11480 McLlwain Road address. He is unrepresented by counsel in this matter. The Trustee's motion for a default judgment was served on Justin Thornton by the Bankruptcy Servicing Center on October 4, 2009.

## II. Conclusions of Law

### A. Federal Rule of Civil Procedure 55

Rule 55 of the Federal Rules of Civil Procedure is made applicable to Bankruptcy Proceedings by Federal Rule of Bankruptcy Procedure 7055. Subpart (a) of Rule 55 provides that:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed.R.Civ.P. 55(a). Prior to 2007, Rule 55(a) stated that entry of default should be entered when a party "failed to plead or otherwise defend *as provided by these rules.*" Fed. R. Civ. P. 55(A) (1997) (emphasis added). The "as provided by these rules" language was deleted when the 2007 amendments went into effect on December

1, 2007. The notes accompanying the 2007 amendments state that:

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

FED.R.CIV.P. 55(A) advisory committee's note (2007 Amendments). At the hearing in this matter, counsel for the debtor argued that the deletion of the "as provided by these rules" language meant that parties are no longer required to file a formal answer or appearance in order to defeat a motion for a default judgment. Instead, counsel argued that if a party participates in litigation in some manner so as to indicate an intent to defend that action, the opposing party is not entitled to a default judgment under Rule 55(a).

■■ The debtor is correct in stating that a defendant may respond to a complaint in ways other than filing an answer. *Phelps v. American General Fin'l. Servs.*, 2008 WL 3978318, * 3 (E.D.Mich.2008). Filing a motion to dismiss satisfies Rule 55(a)'s responsive pleading or defending requirement. *Id.*; *Sandoval v. Bluegrass Reg'l Mental Health–Mental Retardation Bd.*, 2000 WL 1257040, *5 (6th Cir.2000); *Buzayan v. City of Davis*, 2009 WL 514201, *3, n. 7 (E.D.Cal.2009); *Kruska v. Perverted Justice Found., Inc.*, 2009 WL 3837365, * 1 (D.Ariz.2009). Filing a motion for summary judgment can also defeat a motion for default. *Siegel v. Deutsche Bank Nat'l. Trust Co.*, 2009 WL 2868225, *1 (D.Neb.2009); *Blount v. Mansfield*, 2008 WL 4822167, *2 (E.D.Mich.2008); *see also Amerisource Bergen Drug Corp. v. Hallmark Pharmacies, Inc.*, 2007 WL 2908853, *1 (S.D.Ohio 2007) (filing a motion for leave to file late answer defeated motion for default); *Torrance v. Decision One Mortgage Co.*, 2009 WL 174976, *1 (S.D.Ohio 2009) (motion for leave to file responsive pleading qualified as otherwise defending and motion for default denied).

■■ "A party may avoid the entry of default if it demonstrates that it 'intends to defend the suit.' In making this determination, 'courts now look beyond the presence or absence of [ ] formal actions to examine other evidence of active representation.'" *Jervis B. Webb Co. v. Kennedy Group* 2007 WL 2951396, at *1 (E.D.Mich. 2007) (citations omitted). Some courts have found that the filing of preliminary motions, as opposed to formal answers, falls within Rule 55(a)'s "otherwise defend" language. *Dekoven v. Avengelical Press*, 1999 WL 34794967, *4 (W.D.Mich.1999) (motion for summary judgment which was filed late, but prior to the filing of the motion for default, qualified as an act to "otherwise defend" against the plaintiff's complaint and therefore default was not appropriate); *Johnson v. Warner*, 2009 WL 586730, * 4 (W.D.Va.2009) ("Although the term 'otherwise defend' as used in Rule 55(a) is not defined in the Rules, it is generally understood to include not only an answer, but also preliminary motions for summary judgment, ... because [such motions] 'speak[ ] to the merits of the case and demonstrate[ ] a concerted effort and an undeniable desire to contest the action.'") (citations omitted).

Other courts have found that Rule 55(a)'s "otherwise defend" language "is broader than a mere failure to plead."

*Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 915 (3d Cir.1992); *Gregg v. GI Apparel, Inc.*, 2009 WL 1687476, * 2 (D.N.J.2009); however, typically courts which find the language to be broad use that interpretation to find that a default judgment should be entered against a defendant who has filed an answer or other formal response to a complaint, but then failed to participate in the case at a later date. *Hoxworth*, 980 F.2d at 917 (default judgment affirmed where defendant filed formal answer to complaint, but failed to appear for trial); *Tague v. Doctor's Assistance Corp.*, 2008 WL 4288061, *2 (E.D.Pa. 2008) (default judgment warranted where defendant filed formal answer, but failed to comply with discovery requests); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir.1992) (defendants who failed to cooperate with discovery requests after filing responsive pleadings to the complaint had failed to satisfactorily defend the complaint and default judgment was granted); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2nd Cir.1991) (court found that partnership's refusal to hire counsel to represent the business entity constituted a "failure to defend" within the meaning of Rule 55(a)); *Alameda v. Secretary of Health, Ed. And Welfare*, 622 F.2d 1044, 1048 (C.A.Puerto Rico, 1980) (default granted against defendant who filed answer to complaint, but failed to comply with court's order to file memorandum of law); *But see George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Company*, 76 F.R.D. 216, 217 (D.C.La.1977) (default judgment not appropriate where defendant filed answer to complaint but then failed to answer interrogatories).

In a case similar to the one at bar, albeit in a state forum, an individual was sued in a wrongful death action arising out of an automobile accident. *Black v. Rimmer*, 700 N.W.2d 521(Minn.App.2005). The de-fendant failed to file a formal answer or any other pleading in the case, although he did appear at a deposition and fully cooperated with all requests made at that proceeding.

Based on his failure to file a formal answer, the plaintiffs moved for a default judgment pursuant to Minnesota Rule of Civil Procedure 55.01. *Id.* at 525. Rule 55.01 provided that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time allowed therefor by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against that party. . . ." MINN. R. CIV. P. 55.01. In defense to the motion for a default judgment, the defendant urged that his appearance and cooperation at the deposition indicated his intent to "otherwise defend" the lawsuit. In so doing, he acknowledged that he had failed to file any formal answer or other pleadings in the state court. *Id.* at 525. The trial court rejected the defendant's argument and found that he had failed to file an answer or otherwise defend that lawsuit. The trial court entered a default judgment in favor of the plaintiffs. *Id.* at 525. The defendant then moved to set aside the default judgments. The trial court found that the defendant had not sufficiently proven he was entitled to having the orders set aside. *Id.*

On Appeal, the Minnesota Court of Appeals could not find any caselaw interpreting Minnesota's Rule 55.01. As a result, the court looked to the caselaw interpreting Federal Rule of Civil Procedure 55 which the court found was "substantially similar" to the state rule. "Under the federal rules, 'otherwise defend' has long referred to 'attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.' "

*Id.* at 526. Recognizing that the defendant in the case before them had made no such attacks on service or defensive motions, the Minnesota court found that "his 'cooperation' at the deposition did not satisfy the requirement of 'otherwise defend' as contemplated by Minn. R. Civ. P. 55.01." *Id.* The court affirmed the trial court's entry of default as well as its refusal to vacate the judgment. *Id.* at 529.

In the case of *Commodity Futures Trading Comm'nn v. Marquis Fin'l. Mgmt.*, 2005 WL 3752233 (E.D.Mich.2005), a plaintiff filed a complaint alleging violations of the Commodity Exchange Act against several defendants. One of the defendants, David Paul Kelly, had appeared at a deposition, but had failed to file an answer or any responsive pleading. The court found that Kelly had "failed to plead or otherwise defend" the lawsuit and, therefore, the plaintiff was entitled to entry of default against him. *Id.* at *1.

■ In the case at bar, Justin Thornton has not filed a formal answer to the complaint, nor has he filed a preliminary motion such as a motion for summary judgment, a motion for extension of time to file an answer, etc. He also has not filed a notice of appearance in this case nor has he ever appeared at any of the pre-trial conferences in this matter. Although it is admirable that Justin Thornton showed up for the deposition without having to be subpoenaed, the Court finds that that appearance by itself does not constitute an intent on his part to "otherwise defend" the Trustee's complaint within the meaning of Federal Rule of Civil Procedure 55(a). As such, the Court finds that the Trustee is entitled to entry of default against Justin Thornton.

**B. Entry of Default v. Default Judgment**

■ Although the Trustee in this matter has filed a motion for default judg-ment, procedurally that motion is not properly before the Court. Pursuant to Federal Rule of Civil Procedure 55(a), a party seeking a default judgment must first apply for entry of a default against the opposing party. FED.R.CIV.P. 55(a). Only after that default has been entered by the clerk, may the party move for a default judgment under Federal Rule of Civil Procedure 55(b)(2). *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir.1983). "The entry of a default by the Clerk under Fed. R. Civ. P 55(a) is separate and distinct from the entry of a default judgment under Fed.R.Civ.P. 55(b)." *Fowler v. Tyndale Pub. House*, 2009 WL 2488057, *1 (E.D.Mich.2009); *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.2003) (" '[I]t is important to distinguish between an entry of default and a default judgment.' " (citation omitted)); *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D.Mich. 2000). Entry of default, as opposed to entry of a default judgment, is "no more than an interlocutory act looking toward the subsequent step, an entry of a final judgment by default." *Local Union 407 Ins. Fund v. Shippers Freight Lines, Inc.*, 1985 WL 13760, *1 (6th Cir.1985) (unpublished).

■ After entry of the default, the defaulted party may move to set aside the default pursuant to Federal Rule of Civil Procedure 55(c). Although courts have found that entry of default is a largely technical matter, " '[e]ntering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course because it avoids the need to prepare for and pursue a damage hearing in those instances where the Rule 55(c)

motion is granted.'" *Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.,* 2007 WL 715297, * 10 (E.D.Mich.2007) (unpublished) (citing *Meehan v. Snow,* 652 F.2d 274, 276 n. 5 (2nd Cir.1981)).

█ Once the default has been entered by the clerk, the party seeking entry of a default judgment may present an affidavit to the clerk which shows the amount due, but only if the claim is for a "sum certain or a sum that can be made certain by computation, ...." FED.R.CIV.P. 50(b)(1). If, on the other hand, the sum is not certain or cannot be reduced to a certain figure, a party must apply to the court for entry of the default judgment. FED.R.CIV.P. 50(b)(2). In determining the judgment, the court may conduct a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* "Entry of default judgment remains within the sound discretion of the ... court, even when the defendant is technically in default." *Square D. Co. v. Anderson,* 2009 WL 3824774, *2 (E.D.Cal. 2009). In deciding to grant a default judgment after entry of default, "a court may [also] consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether a plaintiff has been substantially prejudiced by the delay involved and how harsh an effect a default judgment might have on the defendant." *LaBarbera v. Federal Metal & Glass Corp.,* 2009 WL 3461880, *3 (E.D.N.Y. 2009).

Because the Trustee's motion for a default judgment is not properly before the Court, the Court must deny it in so far as it seeks a default judgment against Justin Thornton; however, to the extent that the motion can be construed as an application for entry of default against Justin Thorn-ton, the Court will grant that application. A separate order will be entered herewith incorporating this ruling.

Nothing in this memorandum opinion should be construed as preventing the Chapter 13 Trustee from filing a motion for a default judgment against Justin Thornton pursuant to Federal Rule of Civil Procedure 55(b) or as preventing Justin Thornton from moving to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).

**The following is SO ORDERED.**