*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A22-1818**

Eugene C. Banks,
Appellant,

vs.

Dakota County Board of Commissioners, et al.,
Respondents.

**Filed November 27, 2023
Affirmed
Reyes, Judge**

Dakota County District Court
File No. 19HA-CV-22-1980

Eugene C. Banks, Moose Lake, Minnesota (self-represented appellant)

Kathryn M. Keena, Dakota County Attorney, William M. Topka, Assistant County Attorney, Hastings, Minnesota (for respondents)

Considered and decided by Bratvold, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Civilly committed appellant claims that the district court erred by denying his motion for default judgment and dismissing his claims against respondents after determining that he failed to plead facts sufficient to prove that (1) he has a disability under either the Americans with Disabilities Act (ADA) or the Minnesota Human Rights Act

(MHRA); (2) he has a valid breach-of-contract claim; and (3) respondents violated the Minnesota Comprehensive Adult Mental Health Act (the mental-health act). We affirm.

**FACTS**

In 1999, a district court indeterminately committed appellant Eugene C. Banks to the Minnesota Sex Offender Program (MSOP) as a sexually dangerous person (SDP). Banks remains civilly committed at MSOP's facility in Moose Lake. Since 1999, Banks has filed at least nine lawsuits challenging his commitment.

Banks mailed a complaint on June 8, 2022, against respondents Dakota County Board of Commissioners; Mike Slavik, Commissioner; Evan Henspeter, Supervisor; and Mary Hennen, Case Manager. In the complaint, Banks alleges three causes of action: (1) disability discrimination in violation of Title II of the ADA, 42 U.S.C. §§ 12131 to 12132 (2018), and the MHRA, Minn. Stat. §§ 363A.01-.50 (2022); (2) breach of contract; and (3) negligence per se under the mental-health act, Minn. Stat. §§ 245.461-.86 (2022). Banks seeks a declaratory judgment, injunctive relief, transfer to a less-restrictive placement, compensatory damages, and nominal damages.

On June 14, 2022, respondents waived service of the summons and complaint. On June 30, 2022, respondents moved to dismiss, claiming in part that Banks failed to state a claim upon which relief could be granted. Respondents' motion indicated that the district court would set a hearing date and that respondents would file a memorandum of law and supporting evidence by the appropriate deadlines. On September 23, 2022, respondents filed an amended motion to dismiss with a supporting memorandum of law that noticed a hearing date of October 25, 2022. The amended motion and accompanying documents

2

were not served on Banks. On October 6, 2022, respondents filed a second amended motion to dismiss that noticed a hearing date of November 7, 2022. That same day, respondents mailed the second amended motion, including the prior September 23, 2022 memorandum of law, to Banks.

On October 10, 2022, Banks alternatively moved for default judgment or summary judgment, arguing that respondents failed to timely answer his complaint or include a memorandum with their motion to dismiss. The district court heard Banks's motion on October 27, 2022, and respondents' motion to dismiss on November 7, 2022.

The district court denied Banks's motion and granted respondents' motion to dismiss. This appeal follows.

## DECISION

Banks argues that the district court erred by denying his motion for default judgment and by granting respondents' motion to dismiss because his complaint failed to state cognizable claims for relief. We address each issue in turn.

I. **The district court did not err by denying Banks's motion for default judgment based on respondents' timely filed motion to dismiss.**

Banks claims that he was entitled to default judgment as a matter of law because respondents defaulted as of July 6, 2022, when they failed to plead or otherwise defend their claim. We are not persuaded.

"The decision to grant or deny a motion for a default judgment lies within the discretion of the district court, and this court will not reverse absent an abuse of that discretion." *Black v. Rimmer*, 700 N.W.2d 521, 525 (Minn. App. 2005), *petition for rev.*

3

*dismissed* (Minn. Sept. 28, 2005). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted).

"When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* within the time allowed therefor by these rules or by statute . . . judgment by default shall be entered against that party . . . ." Minn. R. Civ. P. 55.01 (emphasis added). We have held that "otherwise defend" includes, at a minimum, filing a rule 12 or other defensive motion. *Black*, 700 N.W.2d at 524-26. Further, "[a] plaintiff may request that the defendant waive service of a summons." Minn. R. Civ. P. 4.05(a). "A defendant who, before being served with process, timely returns a signed waiver need not serve an answer to the complaint until 60 days after the request was sent to that defendant . . . ." Minn. R. Civ. P. 4.05(c).

The district court determined that respondents timely responded to Banks's complaint by submitting a motion to dismiss in lieu of an answer. The record supports the district court's finding. Banks mailed the complaint to each respondent on June 8, 2022, in addition to a waiver of service of summons. Respondents' attorney signed each waiver of service on June 14, 2022, and filed the waivers the next day. Respondents filed a motion to dismiss on June 30, 2022, well within the 60-day period under rule 4.05(c). The district court therefore correctly determined that respondents timely filed their motion to dismiss. *See Black*, 700 N.W.2d at 526.

Banks also raises two issues for the first time on appeal. First, Banks alleges that, because respondents failed to obtain a hearing date for their initial motion to dismiss, the motion was a "sham" and should have been struck from the record. Second, Banks argues that the district court erred by failing to apply the *Finden*[1] factors when considering respondents' motion to dismiss.

An appellate court must generally limit its review to issues presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). A party cannot avoid this requirement by raising the same general issue addressed by the district court under a different legal theory. *Id*. Because Banks failed to raise these two issues before the district court, they are not properly before this court, and we decline to address them.[2]

**II.     The district court correctly determined that Banks's disability-discrimination, breach-of-contract, and negligence-per-se claims failed to state a claim upon which relief can be granted to withstand a rule 12.02(e) motion to dismiss.**

Banks argues that the district court erred by dismissing his complaint for failure to state a claim upon which relief can be granted. We disagree.

---

[1] *See Finden v. Klaas*, 128 N.W.2d 748, 750 (Minn. 1964) (explaining court should vacate default judgment when defaulting party has reasonable defense on the merits, has reasonable excuse for failing or neglecting to answer, has acted with due diligence upon notice of entry of judgment, and shows no substantial prejudice will result to other party).
[2] Even if we were to address Banks's claims, we discern no abuse of discretion by the district court. While respondents did not obtain a hearing date prior to filing their initial motion to dismiss, they subsequently remedied the defect and provided sufficient notice to Banks. Further, because the district court correctly determined that respondents timely responded, a *Finden* analysis is inapplicable here. 128 N.W.2d at 750.

"A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Minn. R. Civ. P. 8.01. "Minnesota is a notice-pleading state and does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) (quotation omitted).

"When reviewing whether a complaint fails to state a claim upon which relief can be granted [under rule 12.02(e)], [the appellate court] must accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Engstrom v. Whitebirch, Inc.*, 931 N.W.2d 786, 790 (Minn. 2019) (quotation omitted). "The sole question on appeal is whether the complaint sets forth a legally sufficient claim for relief." *Id.* (quotation omitted). "This is a question of law that [appellate courts review] de novo." *Id.*

### A. Banks failed to plead a disability-discrimination claim under either the ADA or the MHRA.

Banks appears to allege in his complaint that his underlying diagnosis of antisocial-personality disorder qualifies him for protections under the ADA and MHRA. Banks seems to contend that, despite his commitment to MSOP, respondents discriminated against him by failing to provide him with access to certain publicly funded services. Banks has failed to state a claim.

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To plead a prima facie claim under the ADA, Banks must allege that (1) he has a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination by respondents based on his disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

Under the MHRA, an "unfair discriminatory practice" is "discriminat[ion] against any person in the access to, admission to, full utilization of or benefit from any public service because of . . . disability . . . or [failure] to ensure physical and program access for [persons with a disability]" unless the public entity can show that providing access would impose an undue hardship on it. Minn. Stat. § 363A.12, subd. 1. To plead an unfair-discriminatory-practice claim under the MHRA, Banks must allege that "(1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs or activities; and (3) such treatment was because of his disability." *Sonkowsky ex rel. Sonkowsky v. Bd. of Educ. for Indep. Sch. Dist. No. 721*, 327 F.3d 675, 678 (8th Cir. 2003) (applying the MHRA in considering student's claim of disability discrimination against educational institution).

Even assuming without deciding that Banks has a disability, Banks has failed to allege any discriminatory actions by respondents that excluded him from participating in respondents' services, programs or activities based on his alleged disability. Further, the record reflects that since his commitment, Banks has failed to avail himself of any sex-offender treatment programs provided by MSOP. Banks's ADA and MHRA claims fail

7

because he has not alleged facts demonstrating discrimination. We therefore need not consider his arguments regarding whether he has a disability.

**B.   Banks's equal-protection arguments are not properly before this court.**

Within his disability-discrimination argument on appeal, Banks appears to claim that his antisocial-personality-disorder diagnosis renders him eligible for services under the mental-health act, medical assistance, and general assistance. Banks seems to argue that because other "similarly situated" individuals receive these services and he does not, his equal-protection rights are being violated. Banks's argument does not provide a basis for reversal.

Banks mentioned but failed to plead equal-protection claims in his complaint, and the district court did not decide these issues. "[A]n undecided question is not usually amenable to appellate review." *Hoyt Inv. Co. v. Bloomington Com. & Trade Ctr. Assocs.*, 418 N.W.2d 173, 175 (Minn. 1988). Banks also claims, for the first time on appeal, that the district court's interpretation of the ADA violates the Equal Protection Clause of the Minnesota and United States Constitutions and amounts to felony-level healthcare fraud. *See* Minn. Const. art 1. § 2; U.S. Const. amend. XIV, § 1. Because Banks failed to raise this issue before the district court, it is not properly before this court, and we therefore decline to address it. *Thiele*, 425 N.W.2d at 582.

**C.   Banks's breach-of-contract claim is barred by the statute of limitations.**

Banks appears to argue that he sufficiently pleaded a breach-of-contract claim. We disagree.

8

In his complaint, Banks appears to allege that, when he was civilly committed, respondents entered into a contractual-service-provider agreement on his behalf and subsequently breached it in 2008. Banks appears to rely on his commitment order and the mental-health act to support his allegations.

A claim "upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed" shall be commenced within six years. Minn. Stat. § 541.05, subd. 1(1) (2022). The statute of limitations begins to run when "the cause of action accrues." Minn. Stat. § 541.01 (2022). "A cause of action for breach of contract accrues at the time of the alleged breach." *Pederson v. Am. Lutheran Church*, 404 N.W.2d 887, 889 (Minn. App. 1987), *rev. denied* (Minn. June 30, 1987).

Because over six years passed before Banks commenced this action, Banks's claim is barred. The district court did not err by dismissing Banks's breach-of-contract claim.

**D.     Banks failed to plead a negligence-per-se claim.**

Banks appears to argue that he sufficiently pleaded that respondents breached their duty of care under the mental-health act by failing to provide him with mental-health case-management services. Banks has failed to state a claim.

"Negligence per se is a form of ordinary negligence that results from violation of a statute." *Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn. 1981). For a statutory violation to satisfy the duty and breach elements, the person harmed by the violation must be among those the legislature intended to protect, and the harm must be of the type the legislature intended to prevent by enacting the statute. *Anderson v. Anoka Hennepin Indep. Sch. Dist. 11*, 678 N.W.2d 651, 662-63 (Minn. 2004).

9

A review of Minn. Stat. §§ 246B.01 to .10 (2022), which governs MSOP, supports the interpretation that MSOP has exclusive control over Banks as a committed SDP. The commissioner of human services is responsible for the establishment and maintenance of MSOP, which "shall provide specialized sex offender assessment, diagnosis, care, treatment, supervision, and other services to civilly committed sex offenders as defined in section 246B.01, subdivision 1a." Minn. Stat. § 246B.02. "Services" may include "specialized programs at secure treatment facilities . . . consultative services, aftercare services, community-based services and programs, transition services, or other services consistent with the mission of [DHS]." *Id*. The commissioner must "adopt rules to govern the operation, maintenance, and licensure of secure treatment facilities operated by [MSOP] or at any other facility operated by the commissioner, for a person committed as . . . a sexually dangerous person." Minn. Stat. § 246B.04. Further, the liability of a county in which a civilly committed sex offender resides immediately before commitment is only to "pay to the state a portion of the cost of care provided in [MSOP]." Minn. Stat. § 246B.10(a). Under the statute, MSOP is exclusively responsible for providing services to Banks as a committed SDP.

Banks also seems to argue, for the first time on appeal, that his procedural-due-process rights were violated by the district court's determination that he was ineligible for coverage under the mental-health act. Because Banks failed to raise this argument to the district court and does not explain why it should be addressed for the first time on appeal, it is not properly before this court. *Thiele*, 425 N.W.2d at 582. We therefore decline to address it.

We conclude that Banks has failed to plead facts sufficient to show that the mental-health act applies to him. The district court therefore did not err by dismissing Banks's negligence-per-se claim.

**Affirmed.**